UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JACKIE LAWRENCE,

    Plaintiff,

v.   CAUSE NO. 3:20-CV-612-DRL-MGG

WEXFORD OF INDIANA, LLC *et al.*,

    Defendants.

## OPINION & ORDER

Jackie Lawrence, a prisoner without a lawyer, filed a complaint against ten separate defendants alleging that he has received constitutionally inadequate medical treatment for his gastroesophageal reflex disease (GERD) and that he has been retaliated against for complaining about his inadequate care while incarcerated at the Indiana State Prison. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Here, Mr. Lawrence alleges that he was diagnosed with GERD in the early 2000s. His symptoms vary in severity; but, when he doesn't receive medication for the condition, it causes him significant pain, and he vomits bile and food every day. He was taking Pepcid for the condition, and it reduced his symptoms significantly. However,

around October 2019, Dr. Nancy Marthakis or Nurse Thews discontinued his Pepcid without providing him with an alternative medication. He says he filed numerous medical requests to obtain more Pepcid or some other medication to help with his symptoms, and he saw medical staff, including Dr. Marthakis and Nurse Thews, after the Pepcid was discontinued. Dr. Marthakis and Nurse Thews told him that Zantac had been recalled, and this caused Pepcid to be on backorder. He was told that he could order Tums, Pepcid, or Prilosec on commissary. But Mr. Lawrence is indigent, and he shared his account ledger with them to demonstrate this. Dr Marthakis and Nurse Thews indicated that this was not their problem—that Mr. Lawrence needed to get the warden to help him obtain medication from commissary if he could not afford it. Mr. Lawrence asserts that, when an inmate has a serious medical condition, it is the obligation of medical staff to provide necessary medication. According to Mr. Lawrence, it is only the obligation of the warden to provide medication from commissary for non-serious matters that amount to an inconvenience.

After months of no treatment whatsoever, Dr. Marthakis and Nurse Thews authorized Mr. Lawrence to receive Pepto-Bismol, but only in thirty-day increments. He was forced to go without any medication for one to four weeks in between the thirty-day supplies of Pepto-Bismol. The medication did not provide the same relief that Pepcid provided, but it helped some. Dr. Marthakis and Nurse Thews refused to prescribe anything other than Pepto-Bismol, refused to order more than a thirty-day supply, and refused to make arrangements to see him before he was out of medication. Then, on

March 28, 2020, Mr. Lawrence was prescribed four months of antacids. However, he only received one month's worth.

On May 11, 2020, Nurse Thews prescribed Prilosec for Mr. Lawrence. When Dr. Marthakis learned that Nurse Thews had prescribed Prilosec for Mr. Lawrence, she told Nurse Thews never to do that again. She also said that, from then on, she would be Mr. Lawrence's sole provider of treatment for his GERD.

On June 15, 2020, or June 16, 2020, Mr. Lawrence saw Nurse Block for sick call, and he overheard Nurse Block discussing the possibility of renewing the order for Prilosec. Nurse Thews indicated that she could not do that because Dr. Marthakis said so, and because Mr. Lawrence files too many grievances.

In medical cases, the Constitution is violated only when a defendant is deliberately indifferent to an inmate's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted

3

professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). That said, "the Constitution is not a medical code that mandates specific medical treatment." *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996). "Whether and how pain associated with medical treatment should be mitigated is for doctors to decide free from judicial interference, except in the most extreme situations." *Id.* Inmates are "not entitled to demand specific care [nor] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Moreover, constitutionally adequate care does not require the total alleviation of pain. *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) ("To say the Eighth Amendment requires prison doctors to keep an inmate pain-free in the aftermath of proper medical treatment would be absurd."). Furthermore, a delay in providing treatment can constitute deliberate indifference when it causes unnecessary pain or suffering. *Arnett v. Webster*, 658 F.3d 742, 752-53 (7th Cir. 2011); *Grieveson v. Anderson,* 538 F.3d 763, 779 (7th Cir. 2008).

Here, accepting the allegations of the complaint as true, as the court must at this stage, Mr. Lawrence has alleged that he suffers from a serious medical condition. Furthermore, it can be inferred that both Dr. Marthakis and Nurse Thews were deliberately indifferent to his need for care for that condition. Accordingly, Mr. Lawrence may proceed against them on an Eighth Amendment deliberate indifference claim for failure to treat his GERD.

"To prevail on his First Amendment retaliation claim, [Mr. Lawrence] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a

4

deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). Mr. Lawrence has not identified any particular First Amendment activity that he engaged in or any link between that activity and the defendants' actions. He alleges only that a reference was made to him filing foo many grievances, but it is unclear when he filed grievances, whose behavior he was complaining about in those grievances, or what those grievances pertained to. Thus, he cannot proceed on a First Amendment retaliation claim against Dr. Marthakis or Nurse Thews.

Next, Mr. Lawrence indicates that one or more of Nurse Brenda, Nurse Jasmine, Nurse Deanna, Nurse Faye, or Nurse Stephanie prevented him from receiving the refills of antacid that should have been available to him. He concludes that they interfered with prescribed treatment, but he offers no details whatsoever from which a reasonable factfinder could conclude that any of these individuals were deliberately indifferent to his serious medical need.

Mr. Lawrence has also sued Warden Ron Neal and Assistant Warden J. Nowatzke, although he does not allege that either of them were directly involved in making treatment decisions related to his condition. Rather, he alleges that, since late 2019, Mr. Lawrence has sent several requests to Warden Neal and Assistant Warden Nowatzke asking for assistance in obtaining over the counter medication for his condition, as directed by medical staff, due to his indigent status. They did not respond and did not

5

provide any over-the-counter medication. Section 1983 "liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. The doctrine of *respondeat superior*, which allows an employer to be held liable for subordinates' actions in some types of cases, has no application to § 1983 actions. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993). "'[N]o prisoner is entitled to insist that one employee do another's job,' and the division of labor is critical to the efficient functioning of the organization." *Aguilar v. Gaston-Camara*, 861 F.3d 626, 633 (7th Cir. 2017) (quoting *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). Under the law:

> The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under § 1983 for not being ombudsmen. [The] view that everyone who knows about a prisoner's problem must pay damages implies that [a prisoner] could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right. The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care.

*Burks*, 555 F.3d at 595. Personal liability requires more than allegations that the defendant is a supervisor or that the defendant knew of the plaintiff's complaints. Thus, Mr. Lawrence may not proceed against Warden Neal or Assistant Warden Nowatzke in their individual capacities. However, Warden Neal has both the authority and the responsibility to ensure that inmates are provided constitutionally adequate medical

6

treatment as required by the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, Mr. Lawrence will be allowed to proceed against Warden Neal in his official capacity as the Warden of the Indiana State Prison for permanent injunctive relief.

Last, Mr. Lawrence has sued Wexford of Indiana. A private company performing a state function can be held liable to the same extent as a municipal entity under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *See Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012) (*Monell* framework applies to private company providing medical care at correctional facility). But a corporation "cannot be held liable under § 1983 on a *respondeat superior* theory." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). Rather corporate liability exists only "when execution of a [corporation's] policy or custom . . . inflicts the injury." *Id.* Mr. Lawrence asserts generally that the defendants were acting in accordance with Wexford's policies when they provided him with constitutionally inadequate medical care. Still, he does not identify any specific policy or practice maintained by Wexford that resulted in the violation of his constitutional rights. The only policy that Mr. Lawrence has identified – that Wexford only provides over-the-counter medication to indigent inmates when their condition is serious – does not violate Mr. Lawrence's rights. Rather, it indicates that there may be a dispute about the seriousness of his condition. Therefore, Mr. Lawrence has not stated a claim against Wexford.

For these reasons, the court:

(1) GRANTS Jackie Lawrence leave to proceed against Dr. Nancy Marthakis and Nurse Practitioner Diane Thews in their individual capacities for compensatory and

punitive damages for denying him constitutionally adequate medical treatment for his GERD, in violation of the Eighth Amendment;

(2) GRANTS Jackie Lawrence leave to proceed against Warden Ron Neal in his official capacity as Warden of Indiana State Prison for permanent injunctive relief to provide constitutionally adequate medical treatment for his GERD, as required by the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Wexford of Indiana, LLC, Assistant Warden J. Nowatzke, Nurse Brenda, Nurse Jasmine, Nurse Deanna, Nurse Faye, and Nurse Stephanie;

(5) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Dr. Nancy Marthakis and Nurse Diane Thews at Wexford of Indiana, LLC, with a copy of this order and the complaint (ECF 2), pursuant to 28 U.S.C. § 1915(d);

(6) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Warden Ron Neal in his official capacity at Indiana State Prison, with a copy of this order and the complaint (ECF 2), pursuant to 28 U.S.C. § 1915(d);

(7) ORDERS Wexford of Indiana, LLC, and the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant that does not waive service, if they have such information; and

(8) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Dr. Nancy Marthakis and Nurse Thews to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

October 21, 2020                              *s/ Damon R. Leichty*
                                              Judge, United States District Court